# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

IN RE:                 )
                     )
KEITH S. TOBIAS and     )     Case No. 09-08107-KL3-11
 (SSN XXX-XX-8866)      )     (Chapter 11)
                     )     Judge Keith M. Lundin
KAREN A. TOBIAS,       )
 (SSN XXX-XX-9198)      )
                     )
    Debtors-in-Possession.    )

_____

## DEBTORS' PLAN OF REORGANIZATION FOR
## KEITH S. TOBIAS AND KAREN A. TOBIAS
_____

## Dated: August 17, 2009

Pursuant to Bankruptcy Code section 1121, Keith S. Tobias and Karen A. Tobias propose the following plan of reorganization for the above-captioned debtors-in-possession.

## ARTICLE I

### Definitions

The following terms used in the Plan shall, unless the context otherwise requires, have the meanings specified below:

**1.01.** **Allowed Claim**: A right against the Debtor within the meaning of Code section 101(4) in respect of which a proof of claim has been filed with the Court within the period of limitation fixed by Rule 3003 or scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, and in either case as to which no objection as to allowance

thereof has been raised within the applicable period of limitation fixed by Rule 3001 or an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari is pending.

1.02. **Allowed Interest**: A right against the Debtor of an equity security holder of the Debtor in respect of which a proof of interest has been filed with the Court within the applicable period of limitation fixed by Rule 3003 or scheduled in a list of equity security holders prepared and filed with the Court pursuant to Rule 1007(b) and in either case as to which no objection as to the allowance thereof has been interposed with any applicable period of limitation fixed by Rule 3003 or an order of the Court, or as to which any objection has been determined by an order of judgment which is no longer subject to appeal or certiorari proceedings and as to which no appeal or certiorari proceeding is pending.

1.03. **Allowed Secured Claim**: An Allowed Claim secured by a lien, security interest, or other charge against or interest in property in which the Debtor has an interest, or which is subject to set-off under Code section 553, to the extent of the value (determined in accordance with Code section 506(a)) of the interest of the holder or such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such set-off as the case may be.

1.04. **Claim**: A right against the Debtor within the meaning of Code section 101(4), including any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the Debtor in existence on or after the Petition Date, whether or not such right to payment or right to an equitable remedy is

reduced to judgment, liquidated, unliquidated, fixed, contingent, mature, un-matured, disputed, undisputed, legal, secured or unsecured.

**1.05.** **Class**:  A group into which Allowed Claims or Allowed Interests are divided pursuant to Article III of the Plan.

**1.06.** **Code**:  The Bankruptcy Code, 11 U.S.C. § 101, <u>et</u> <u>seq</u>. (2008), enacted as Public Law 95-598, November 6, 1978, 92 STAT. 2549, as amended.

**1.07.** **Common Stock**:  The common stock of the Debtor issued and outstanding prior to the Petition Date, if any.

**1.08.** **Confirmation Date**:  The date upon which the Court enters the Confirmation Order in accordance with the provisions of Chapter 11 of the Code.

**1.09.** **Confirmation Order**:  The order entered by the Court confirming this Plan, in accordance with Code section 1129.

**1.10.** **[Reserved ]**.

**1.11.** **Costs and Expenses of Administration**:  The Claims against the Debtor allowed in accordance with Code section 503(b).

**1.12.** **Court**:  The United States Bankruptcy Court for the Middle District of Tennessee in which the Debtor's Chapter 11 case is pending and any Court having jurisdiction to hear appeals or certiorari proceedings therefrom.

**1.13.** **Creditor**:  Any person or its assignee that holds a claim against the Debtor for debts, liabilities or demand of whatever kind or character which arose prior to the Petition Date.

**1.14.** __Debtor__:  A collective reference to Keith S. Tobias and Karen A. Tobias, the debtors-in-possession herein and the proponents of this Plan.

**1.15.** __Effective Date__:  A reference to the date upon which the Confirmation Order is no longer subject to appeal or certiorari proceedings, or in the event of an appeal, upon which an order confirming the Confirmation Order becomes final and is no longer subject to further appeal or certiorari proceedings or such other date as the Debtor shall designate in a written notice filed with the Court.

**1.16.** __Interest__:  The rights of the Debtor's shareholders, if any.

**1.17.** __Petition Date__:  The date on which the Debtor filed a voluntary Chapter 11 petition with the Court: July 20, 2009.

**1.18.** __Plan__:  This plan for the reorganization of the Debtor, in its present form or as may hereafter be amended, modified or supplemented in accordance with the terms thereof or in accordance with the Code.

**1.19.** __Rule__:  The Bankruptcy Rules, as adopted by the Supreme Court of the United States pursuant to 28 U.S.C. § 2075 (2008) and the Local Bankruptcy Rules as adopted by the Court.

## ARTICLE II

### Construction

Where not inconsistent or in conflict with the provisions of the Plan, the words and phrases used herein shall have the meanings ascribed thereto in the Code and in the Rules.

# ARTICLE III

## Treatment of Administrative Expense Claims and Rejected Claims

Administrative expense claimants shall be paid in full on the Effective Date, or upon the entry of an order of the Court allowing such claims, or upon the entry of an order of the Court approving the fees and expenses of an administrative expense claimant, or as otherwise deferred by agreement of the Debtor and the administrative expense claimant, whichever is later, except that any Claims of the U.S. Trustee shall be paid in full on the Effective Date. Any other administrative expense claims representing a liability incurred in the ordinary course of business of the Debtor may be paid in cash by the Debtor in the ordinary course of business. All fees arising under 28 U.S.C. § 1930(a) after confirmation shall be paid after the Confirmation Date as such become due. Any claims for Costs and Expenses of Administration shall be filed within twenty (20) days of the Confirmation Date.

## ARTICLE IV

## Classification of Claims and Interests

**Class 1** - The Allowed Priority Claim of the Internal Revenue Service.

**Class 2** - The Allowed Secured Claim of SunTrust Mortgage, Inc. secured by a first deed of trust lien on certain real property (712 Legends Crest Drive).

**Class 3** - The Allowed Secured Claim of secured by a second deed of trust lien on certain real property (712 Legends Crest Drive).

**Class 4** - The Allowed Secured Claim of GMAC secured by certain personal property (2004 Cadillac Escalade).

**Class 5** - [RESERVED].

Case 3:09-bk-08107   Doc 34   Filed 08/24/09   Entered 08/24/09 13:23:08   Desc Main
Document     Page 5 of 17

**Class 6** - Any and all general unsecured Allowed Claims totaling $2,000.00 or less and any member of Class 7 electing to reduce its claim to $2,000.00.

**Class 7** - Any and all Allowed Claims in Classes 1 - 5 with an unsecured deficiency and any and all general unsecured Allowed Claims totaling more than $2,000.00 which have not elected to reduce their claims to $2,000 and be treated as a member of Class 6.

**Class 8** - The Allowed Interest of the Debtors.

## ARTICLE V

### Treatment of Allowed Claims and Interests Under the Plan

5.01. **Class 1 Claims**: The Allowed Claim of the Internal Revenue Service entitled to priority under Code section 507(a)(8) totals approximately $26,050.00 and includes amounts owed to the Internal Revenue Service in connection with the Debtor's membership interest in Worksite Enrollment Services, LLC. The Allowed Claim of the Internal Revenue Service shall be paid over a period of time not to exceed five (5) years after the Petition Date in equal monthly installments commencing three (3) months following the Effective Date of the Plan with interest as required by applicable law or three percent (3.0%) per annum, whichever is less. The Debtor estimates monthly payments of principal and interest of $468.08. In the event of a post-confirmation default, the taxes provided for by the Plan will retain their characterization as taxes and the Internal Revenue Service will be entitled to utilize all collection rights provided by statutory or case law to collect the remaining unpaid tax liability. The Debtors reserve the right to pre-pay the entire priority claim of the Internal Revenue Service. The Debtors also reserve the right to object to the claim of the Internal Revenue Service.

**5.02.  Class 2 Claims**:  At the Petition Date, the Claim of SunTrust Mortgage, Inc. was secured by a first deed of trust lien on certain residential real property located at 712 Legends Crest Drive, Franklin, Tennessee.  The real property is the Debtors' personal residence.  The Allowed Secured Claim of SunTrust Mortgage, Inc. and/or its successors and assigns, as determined by the Court, shall be fully satisfied and discharged as follows:

On or before the Effective Date, the Debtors shall execute and deliver to SunTrust Mortgage, Inc. and/or its successors and assigns a reaffirmation agreement by which the Debtors shall agree to pay the Allowed Secured Claim of SunTrust Mortgage, Inc. secured by a first deed of trust lien on the real property located at 712 Legends Crest Drive, Franklin, Tennessee pursuant to the original contract terms. SunTrust Mortgage, Inc. shall retain its lien on the subject real property from and after the Confirmation Date.

The Debtors also agree to pay SunTrust Mortgage, Inc. the existing arrearage in the estimated amount of $34,125.00 at September 30, 2009 (the "Arrearage Amount") over a three (3) year period with interest at five and one-quarter percent (5.25%) per annum. Monthly payments of $1,026.59 shall be paid by the Debtors to SunTrust Mortgage, Inc. beginning upon the date thirty (30) days following the Effective Date and continuing thereafter until the Arrearage Amount is satisfied in its entirety.  Upon the failure to make any payment provided herein, the Debtors shall be deemed in default and, upon notice to the Debtors and their counsel and an opportunity to cure, SunTrust Mortgage, Inc. may proceed pursuant to the terms of its deed of trust.  On the Effective Date, all prior defaults in the terms and conditions of the instruments, agreements, and other papers evidencing the claims of SunTrust Mortgage, Inc. and/or its successors and assigns and the security

therefore shall be deemed cured. SunTrust Mortgage, Inc. shall not be entitled to assert a claim for any late charges.

The Debtor reserves the right to object to the claim of SunTrust Mortgage, Inc.

**5.03.** **Class 3 Claims**: At the Petition Date, the Claim of SunTrust Mortgage, Inc. was ostensibly secured by a second deed of trust lien on certain residential real property located at 712 Legends Crest Drive, Franklin, Tennessee. The real property is the Debtors' personal residence. The Allowed Secured Claim of SunTrust Mortgage, Inc. and/or its successors and assigns, as determined by the Court, shall be fully satisfied and discharged as follows:

Under the Plan, the value of the real property is less than the amount owed to the holder of the first deed of trust lien. As a result, the value of the second deed of trust lien is declared worthless and the Class 3 claimant shall be entitled only to assert a claim for an unsecured deficiency in Class 7. SunTrust Mortgage, Inc. shall not retain its second deed of trust lien on the subject real property from and after the Confirmation Date.

The Debtor reserves the right to object to the claim of SunTrust Mortgage, Inc.

**5.04.** **Class 4 Claims**: The Allowed Secured Claim of GMAC and/or its successors and assigns, as determined by the Court, shall be fully satisfied and discharged as follows:

On or before the Effective Date, the Debtors shall execute and deliver to GMAC and/or its successors and assigns a promissory note in substantially the same form as Exhibit D, attached hereto and incorporated herein by this reference. The principal amount of the note shall be equal to the amount of the Allowed Secured Claim of GMAC. The Allowed Secured Claim of GMAC estimated by the Debtors at $7,767.54 through July 31, 2009 shall be amortized over a four (4) year period with interest at six percent (6.0%) per

annum and monthly payments of $182.42. GMAC shall retain its lien on the subject automobile from and after the Confirmation Date.

On the Effective Date, all prior defaults in the terms and conditions of the instruments, agreements, and other papers evidencing the claims of GMAC and/or its successors and assigns and the security therefore shall be deemed cured. GMAC shall not be entitled to assert a claim for any late charges. The Debtor reserves the right to object to the claim of GMAC.

**5.05.** **Class 5 Claims**:  [Reserved].

**5.06.** **Class 6 Claims**:  Members of Class 6 consisting of any and all general unsecured Allowed Claims totaling not more than $2,000.00 and any member of Class 7 electing to reduce its claim to $2,000.00 shall be paid fifty percent (50%) of their Allowed Claim without interest within thirty (30) days of the Effective Date.

**5.07.** **Class 7 Claims**:  Members of Class 7 consisting of any and all general unsecured Allowed Claims totaling more than $2,000.00 as well as any and all Allowed Claims in Classes 1 - 5 with an unsecured deficiency shall be paid ten percent (10%) of their Allowed Claim without interest.  Within thirty (30) days of the Confirmation Date, the Debtors shall distribute, by mail, pro rata all funds deposited to the Class 7 Creditors' Fund.[1] Distributions from the Class 7 Creditors' Fund shall continue quarterly for the five (5) year period following the Confirmation Date.

The Debtor reserves the right to object to any Class 7 Claim.  In the event a Claim is disputed, the pro rata share distributable to the holder of such Claim shall be paid into

---

[1] The operation of the Class 7 Creditors' Fund is more fully described in Section G of the Debtors' Disclosure Statement.

a separate account established to segregate the funds. The segregated funds shall be held until the Court has ruled on the Claim and either allowed or disallowed the Claim. Upon allowance, the pro rata share shall be paid to the holder of the Claim. Upon disallowance, the pro rata share attributable to the disallowed Claim shall be paid back into the Class 7 Creditors' Fund for distribution to other claimants. Any interest earned on the segregated funds shall be paid monthly into the Class 7 Creditors' Fund.

   5.12.   **Class 8 Claims**: As of the Effective Date, Members of Class 8 consisting of the interests of Keith S. Tobias and Karen A. Tobias shall be retained by them and are otherwise unimpaired.

## ARTICLE VI

### Impairment of Classes

   **6.01.**   The following Classes are not impaired under the Plan:

   (a)   Class 8, by virtue of Code sections 1124(1) and (2).

   **6.02.**   The following Classes are impaired under the Plan:

   (a)   Classes 1 - 7,  by virtue of Code sections 1124(1) and (2).

## ARTICLE VII

### Executory Contracts and Unexpired Leases

   **7.01.**   All executory contracts not previously assumed or rejected with Court approval prior to the Confirmation Date shall be deemed rejected.

   **7.02.**   All unexpired leases not assumed or rejected with Court approval prior to the Confirmation Date shall be deemed assumed.

**7.03.** Parties to an executory contract or unexpired lease with the Debtors who are damaged by the rejection of such a contract or lease shall be treated as a Class 7 claimant. The Debtors do not anticipate any damages resulting from the rejection of any such contracts or leases.

## ARTICLE VIII

### Means for Execution of the Plan

**8.01.** The Debtors shall remain in business and repay all of his creditors pursuant to the terms contained herein. A more complete description of the implementation and means of completing the Plan is set out in the Disclosure Statement. Upon confirmation, all assets of the Debtors' bankruptcy estate shall vest in the Debtors subject to any valid lien, security interest, mortgage or other interest in property securing an Allowed Claim provided for in the Plan. Any non-essential assets will be liquidated in an orderly fashion at the Debtor's direction and discretion and the proceeds used to fund payments provided for in the Plan.

**8.02.** [Reserved].

**8.03.** The Debtors shall have sufficient funds available upon the Confirmation Date to make the payments required hereby.

**8.04.** Prior to the Effective Date, the Debtors are authorized and directed to execute and deliver all documents and to take and cause to be taken all action necessary or appropriate to execute and implement the provisions of this Plan.

**8.05.** The Debtors shall be the disbursing agent hereunder and shall have the sole and exclusive right to make the distributions required by the Plan. Said disbursing agent

may hold or invest the funds in one or more accounts, provided that all investments shall be made in accordance with Code section 345. Said disbursing agent shall not be required to obtain a bond.

**8.06.** After a final distribution has been made, said disbursing agent shall file a report and cause a final decree to be issued.

## ARTICLE IX

### Modification of the Plan

**9.01.** Modifications of the Plan may be proposed in writing by the Debtors at anytime before the Confirmation Date, provided that the Plan, as modified, meets the requirements of Code sections 1122 and 1123, and the Debtors shall have complied with Code section 1125.

**9.02.** The Plan may be modified at any time after the Confirmation Date, provided that the Plan, as modified, meets the requirements of Code sections 1122 and 1123 and the Court, after notice and hearing, confirms such Plan, as modified, under Code section 1129 and the circumstances warrant such modification.

**9.03.** A holder of a Claim or Interest that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the Court, such holder changes its previous acceptance or rejection.

# ARTICLE X

## General Provisions

**10.01.** Notwithstanding any other provision of this Plan, each Claim shall be paid only after it has been proven and allowed in accordance with the Code.

**10.02.** At the option of the Debtors, this Plan may be withdrawn at any time prior to the Effective Date of the Plan. Such option shall be exercised by filing with the Court a notice of withdrawal and mailing a copy of such notice to all creditors, equity security holders and persons specially requesting notices. If such option is timely and properly exercised, the case shall continue and be administered as if the Plan had been withdrawn prior to the Confirmation Date.

**10.03.** Pursuant to Code section 1123(b)(3)(B), the Debtors shall retain each and every Claim, demand or cause of action whatsoever which the Debtors had or had power to assert immediately prior to confirmation of the Plan, including without limitation actions for the avoidance and recovery pursuant to Code section 550 of transfers avoidable by reason of Code sections 544, 545, 547, 548, 549 or 553(b), and may commence or continue in any appropriate court or tribunal any suit or other proceeding for the enforcement of same.

**10.04.** If any payment under the Plan falls due on a non-business day, then such due date shall be extended to the next following business day.

**10.05.** Any notice hereunder shall be in writing, and if by telegram, telex or facsimile, shall be deemed to have been given when sent, and if mailed shall be deemed to have been given three (3) days after the date when sent by registered or certified mail, postage prepaid, and addressed as follows:

Case 3:09-bk-08107    Doc 34    Filed 08/24/09    Entered 08/24/09 13:23:08    Desc Main
Document      Page 13 of 17

If to Debtor:                           with a copy to:

Mr. & Mrs. Keith Tobias                 Joseph P. Rusnak
712 Legends Crest Drive                 TUNE, ENTREKIN & WHITE, P.C.
Franklin, TN  37069                     Regions Center, Suite 1700
                                        315 Deaderick Street
                                        Nashville, TN  37238

or at such other address (if any) as may have been designated as an address for such

purpose, or at any address of such party appearing in the records of the party giving such

notice.

**10.06.**   In the event of any discrepancy between the terms of this Plan and the

accompanying disclosure statement, the terms of the Plan shall control.

**10.07.**   Any committee appointed under Code section 1102 shall be dissolved upon

the Confirmation Date.

**10.08.**   The payments, distributions and other treatments provided in respect of

each Allowed Claim and Allowed Interest in the Plan shall be in full settlement and in

complete satisfaction, discharge, and release of such Allowed Claim and Allowed Interest.

**10.09.**   Pending the completion of this Plan and the payment of all the amounts

contemplated by the Plan, all creditors shall be stayed from proceeding against the Debtors

or their assets or its officers or shareholders and any guarantors or endorsers of any claim.

**ARTICLE XI**

**Closing of the Case**

**11.01.**   At such time as the case has been fully administered, that is, when all things

requiring action by the Court have been done, and the Plan has been substantially

consummated, this case shall be closed. To close the case, the Debtors shall file an

application for final decree showing that the case has been fully administered and that the

*Page 14 of  17*

Plan has been substantially consummated. The Court shall conduct a hearing upon the application after notice to all creditors, equity security holders and persons specially requesting notices, after which an order approving the Debtors' report and closing the case (final decree) may be entered.

11.02.  In the period after Confirmation, but before closing of the case, the Debtors may continue to avail themselves of the services of professional persons whose employment was approved at or prior to Confirmation in completing administration of the case and, if necessary, with approval of the Court employ additional professional persons to render services in and in connection with the case.  With respect to services rendered and expenses incurred in or in connection with the case by any professional person during such period, the professional person may render periodic billings therefor to the Debtors which shall promptly pay the same, but each such payment shall be subject to review and approval by the Court as to the reasonableness thereof.  In its application for final decree, the Debtors shall detail all amounts paid during such period to professional persons as compensation for services rendered or reimbursement of expenses incurred, and with respect to which no prior allowance thereof has been made by the Court.  At the hearing on the Debtors' application for final decree, the Court shall consider and determine whether or not such payments shall be approved as reasonable.

## ARTICLE XII

### Provisions for Continuing Jurisdiction of the Court

12.01.  In addition to the continued jurisdiction after the Confirmation Date which is provided for as a matter of law by the Code and Rules, the Court shall retain jurisdiction for the following purposes:

(1)    The classification of any claim or interest, the determination of such objections as may be filed to Claims, or Interests, and the re-examination of the allowance of any Claim or Interest.

(2)    The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of this Plan.

(3)    To enforce and interpret the terms and conditions of this Plan.

(4)    Entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtors and to impose such limitations and terms of such title, rights, and powers as the Court may deem necessary.

(5)    Determination of any Claims asserted by the Debtors against any other person or entity, including, but not limited to, any right of the Debtors to recover assets pursuant to the provisions of Title 11, if such claim is pursued in the Court prior to the closing of the case.

(6)    Determination of all questions and disputes concerning the sale, lease, encumbrancing, or other transfer of property of the Debtors.

(7)    Entry of a final decree closing this case.

Executed at Nashville, Tennessee,  as of the date first above written.

Respectfully submitted,


 _/s/  Keith S. Tobias_____
Keith S. Tobias


 _/s/  Karen A. Tobias_____
Karen A. Tobias

*Page 16 of  17*

/s/ Joseph P. Rusnak
Joseph P. Rusnak
**TUNE, ENTREKIN & WHITE, P.C.**
Regions Center, Suite 1700
315 Deaderick Street
Nashville, TN 37238
(615) 244-2770 Voice
(615) 244-2778 Fax
Jrusnak@tewlawfirm.com

Attorneys for the Debtors-in-Possession

*H:\JPRAssistant\JPR\Tobias\PlanReorganization.wpd*